Dear Ms. Menendez:
As City Attorney for the City of Cape Coral, you have requested my opinion on substantially the following question:
Does section 553.791(4), Florida Statutes, permit the substitution of a private provider to conduct remaining building code inspection services after one or more inspections have been performed by a local building official?
Section 553.791(4), Florida Statutes, provides:
 "A fee owner or the fee owner's contractor using a private provider to provide building code inspection services shall notify the local building official at the time of permit application, or no less than 7 business days prior to the first scheduled inspection by the local building official or building code enforcement agency for a private provider performing required inspections of construction under this section, on a form to be adopted by the commission."
The statute sets forth the information that shall be included in the notice provided to local building officials and prescribes an acknowledgment to be executed by the fee owner that releases the local government and building officials from liability for the use of private providers.[1]
During the 2006 legislative session, section 553.791, Florida Statutes, was amended to add subsection (5). That subsection is effective July 1, 2006, and states:
 "After construction has commenced and if the local building official is unable to provide inspection services in a timely manner, the fee owner or the fee owner's contractor may elect to use a private provider to provide inspection services by notifying the local building official of the owner's or contractor's intention to do so no less than 7 business days prior to the next scheduled inspection using the notice provided for in paragraphs (4)(a)-(c)."[2]
Thus, the Legislature has provided a method for a building owner or the owner's contractor to elect to use a private provider for building inspection services after initial inspection by the local building official if that official is unable to provide inspection services "in a timely manner."
Under these circumstances the building owner must provide notice to the local building official that a private provider has been employed at least seven business days before the next scheduled inspection and must follow the existing notice requirements set forth in subsection (4).
The statute further provides that if the fee owner or the fee owner's contractor makes any changes to the listed private providers or the services to be provided by those private providers, the owner or contractor shall, within one business day after any change, update the notice to reflect such changes. In addition, the fee owner or the fee owner's contractor must post at the project site, prior to the commencement of construction and updated within one business day after any change, on a form adopted by the Florida Building Commission, the name, firm, address, telephone number, and facsimile number of each private provider who is performing or will perform building code inspection services, the type of service being performed, and similar information for the primary contact of the private provider on the project.
Therefore, it is my opinion that amendments made to section553.791, Florida Statutes, by section 6, Chapter 2006-65, Laws of Florida, would permit the substitution of a private provider to conduct remaining building code inspection services after one or more inspections have been performed by a local building official if the local building official is unable to provide inspection services in a timely manner.
Sincerely,
 Charlie Crist Attorney General
CC/tgh
[1] Section 553.791(4)(a)-(c), Fla. Stat.
[2] Section 6, Ch. 2006-65, Laws of Florida, effective July 1, 2006.